FRANK D. UPCHURCH, Jr., Judge.
David Fry, Jr., petitions this court for a writ of habeas corpus on the ground that his competency hearing was not held within the time limitations of Florida Rule of *584 Criminal Procedure 3.212(b)(4). Rule 3.212(b)(4) provides in part as follows:
The court shall hold a hearing within 30 days of the receipt of any such report from the administrator of the facility on the issues raised thereby.
Petitioner was arrested on October 21, 1980. On March 10, 1981, petitioner was found incompetent to stand trial and was committed to Florida State Hospital. The petition alleges that on May 21, 1981, the Marion County Circuit Court received a report from C. W. Montgomery, Director, General Psychiatric Unit at Florida State Hospital, stating that, in his opinion, petitioner was competent to stand trial.[1] On June 29,1981, thirty-nine days after receipt of this letter, the court held a competency hearing.
Petitioner’s contention that this hearing was untimely is without merit. Rule 3.212(b)(4) requires the court to hold a hearing within thirty days of receipt of a report from the administrator. The letter purportedly received by the court on May 21, 1981, was from C. W. Montgomery, a director of the General Psychiatric Unit at Florida State Hospital. The report from the administrator of Florida State Hospital, Robert B. Williams, is dated June 9, 1981, and was filed with the clerk on June 15, 1981. There are no allegations that Montgomery was acting on behalf of the administrator. Thus, as the report from the administrator was received by the court on June 15, 1981, the competency hearing on June 29, 1981, was well within the thirty-day time period established by Rule 3.212. Petitioner is therefore not entitled to release and the writ is hereby
DENIED.
COBB and COWART, JJ., concur.

. This letter has not been included in the record.